Rockingham, }
  June, 1895. }

CLARK v. PORTSMOUTH.

A public officer whose salary is fixed by law is not entitled to additional compensation for any services rendered in the line of his duty.

ASSUMPSIT, for extra services as health officer of the city of Portsmouth. Facts found by the court.

*Samuel W. Emery*, for the plaintiff.

*Ernest L. Guptill* and *Calvin Page*, for the defendants.

CLARK, J. The plaintiff was a health officer and physician of the board of health of the city of Portsmouth in 1893, and entitled to an annual salary of $50, which has been paid him. This suit is brought to recover pay for extra services rendered by him in September, October, and November, 1893, in ordering the abatement of nuisances, the entry of sewers, and the proper sanitary arrangement of buildings. He also reported to the superintendent of the water-works a list of persons using water, and to the city clerk the names of those entering sewers, but was not employed by either of these officers to do this work. The mayor and board of aldermen knew the plaintiff was rendering these services, which were worth the amount he asks the city to pay. The unpaid balance of the plaintiff's bill is $165, which is the sum he seeks to recover in this action.

At a meeting of the mayor and aldermen, December 14, 1893, six aldermen being present out of a total membership of nine, the bill of the plaintiff for $225 was reported from the finance committee without recommendation, and it was voted that the bill be paid, four aldermen voting in the affirmative and two in the negative. At the next meeting of the mayor and aldermen, December 21, eight aldermen being present, the vote to pay the plaintiff's bill was reconsidered, and the matter was referred to the city solicitor. No further action was ever taken by the city government. In 1893, $200 was appropriated for the board of health, and this sum was expended before the plaintiff rendered the services for which this suit is brought.

The city ordinances define the duties of the health officers, and provide (s. 24) that the physician of the board of health shall receive from the city, in full for all services required of him as a member of said board, an annual salary of $50, in addition to any legal fees to which he may be entitled from any parties other

than the city. The fact that the mayor and board of aldermen knew that the plaintiff was rendering the services for which he now demands additional compensation does not give validity to his claim, because the city ordinances provided an annual salary in full for all services required of him as a member of the board.

The city ordinances further provide (*s.* 12) that "Whenever an appropriation shall have been exhausted, the city clerk shall give notice of the fact to the mayor, the president of the common council, and the committee on accounts, and said committee shall pass no more claims on said accounts until the city councils shall have provided the means of paying the same." The appropriation of $200 for the board of health for 1893 had been expended before the plaintiff rendered the services for which he now seeks to recover. The board of health had no authority under the ordinance to expend any money beyond the sum appropriated for its use.

*Judgment for the defendants.*

WALLACE, J., did not sit: the others concurred.